KARAS, J.

JAMES E. CECCHI
LINDSEY H. TAYLOR
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN, PC
5 Becker Farm Road
Roseland, New Jersey 07068-1739
(973) 994-1700
*Attorneys for Plaintiff Christopher Mathieson*



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/07

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MATHIESON, <br><br> Plaintiff, <br><br> -against- <br><br> JC DENIRO & ASSOCIATES, L.L.C.; and JOHN. C. DENIRO, <br><br> Defendants. | Docket No. 07cv8527(LAK) <br><br> **ORDER TO SHOW CAUSE** |

THIS MATTER having been opened before the Court by Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein (by James E. Cecchi, Esq.), attorneys for plaintiff Christopher Mathieson (hereinafter "Plaintiff"), for an Order to Show Cause as to why a preliminary injunction should not be granted in this matter against defendant John C. DeNiro (hereinafter "Defendant"); and the Court having considered the Complaint, the Declaration of Christopher Mathieson, and the Brief submitted in support of Plaintiff's application, and for good cause shown;

IT IS on this 2d day of October, 2007,

ORDERED that Defendant show cause before the undersigned, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, on the

17th day of October, 2007 at 4:30 p.m. or as soon thereafter as counsel may be heard as to why a preliminary injunction should not issue:

    a.    enjoining and restraining Defendant, and his agents, representatives, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendant, from unilaterally transferring, withdrawing, using, taking, hypothecating, or dissipating the monies held in the accounts of JC DeNiro & Associates, L.L.C. (hereinafter "JCD"), pending further Order of the Court;

    b.    restoring Plaintiff as a signatory on the bank account of JCD and requiring that all disbursements and/or withdrawals from said bank account require the signatures of both Plaintiff and Defendant, pending further Order of the Court;

    c.    restoring Plaintiff as managing member of JCD pending final resolution of this matter;

    d.    compelling Defendant to permit Plaintiff or his designated agent(s) or representative(s) immediate and complete access to all of the books and records of JCD so that Plaintiff can perform a complete inspection, review and audit of such records;

    e.    compelling Defendant to cooperate fully with Plaintiff or his designated agent(s) or representative(s) so that the review and audit of JCD's books and records can be completed in a reasonable period of time not to exceed thirty (30) days;

    f.    compelling Defendant to answer all reasonable inquiries made to him by Plaintiffs or his designated agent(s) or representative(s), as to the current financial status of JCD and Plaintiffs' membership interest in JCD.

g.  enjoining and restraining Defendant, and his agents, representatives, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendant, from selling or otherwise disposing of the assets of JCD; and

h.  granting such further relief as the Court may consider appropriate and just; and

IT IS FURTHER ORDERED that a true copy of this Order; the Declaration of Christopher Mathieson; and Plaintiff's Brief shall be served by Plaintiff's attorney or designated agent upon Defendant *personally* or ~~to~~ a person of suitable age and discretion *at defendant's residence* ~~within ____ days from the date hereof, which service shall be effected by personal service or overnight delivery~~ on *on or before October 5, 2007 at 4 p.m.* ~~Defendant at 824 East Atlantic Avenue, Suite 7, Delray Beach, Florida 33483; and shall be deemed due and proper service in accordance with the Federal Rules of Civil Procedure; and~~

IT IS FURTHER ORDERED that Defendant's opposition papers shall be filed and served *by October 12, 2007 at 4 p.m.* ~~upon Plaintiff's counsel so as to be received on or before 5 p.m. on _____, 2007;~~ and

IT IS FURTHER ORDERED that Plaintiff's reply papers shall be filed and served ~~upon Defendant so as to be received~~ *at* or before 4 p.m. on *October 15*, 2007.

_____, U.S.D.J.

10/2/07

#328574v1

3