# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN, P.C.

COUNSELLORS AT LAW

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

CHARLES C. CARELLA
BRENDAN T. BYRNE
JOHN N. BAIN
JOHN G. GILFILLAN, III
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES T BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
MELISSA E. FLAX
DENNIS F. GLEASON
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
KHOREN BANDAZIAN

RICHARD K. MATANLE, II
DONALD S. BROOKS
FRANCIS C HAND
AVRAM S. EULE
LINDSEY H. TAYLOR
RAYMOND W. FISHER
DAVID J. REICH
DECANDA M. FAULK

OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ALAN J. GRANT°
LAURA S. MUNZER
MARC D. MICELI
RAYMOND E. STAUFFER°
JACOB A. KUBERT
STANLEY J. YELLIN
FRANK J CHESKY III
STEPHEN R. DANEK
DANIEL J. MULLIGAN
°MEMBER N.Y BAR ONLY

JAMES D. CECCHI (1933-1995)

October 11, 2007

<u>VIA ECF AND FEDERAL EXPRESS</u>

Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1310
New York, New York 10007

    Re: Mathieson v. DeNiro
      <u>Docket No. 07 CIV 8527 (LAK)</u>

Dear Judge Kaplan:

  This firm represents Plaintiff, Christopher Mathieson, in the above captioned matter. Please accept this letter in lieu of a more formal brief opposing Defendant John C. DeNiro's ("DeNiro") request for an extension of time to respond to Plaintiff's Order to Show Cause. Although Plaintiff's counsel is more than willing to grant an attorney a reasonable professional courtesy, there are a number of compelling reasons which, respectfully, counsel against granting DeNiro's application.

  First, as the Court is aware, this is an emergent matter involving the unlawful expulsion of Plaintiff from the business he founded and built over a five year period. It also involves the conversion of Plaintiff's wages (contrary to New York Labor law) and the theft of Plaintiff's vehicle. As time passes, the business of J.C. Deniro – which had significant economic value prior to Defendant's unlawful actions – continues to deteriorate. Despite the filing of the Order to Show Cause, neither Defendant or his counsel has once offered to provide Plaintiff with a modicum of assurance that the business will be preserved pending final hearing, and that the assets of J.C. DeNiro will not be diverted to Defendant's other struggling real estate ventures. Indeed, Defendant's request for an extension – without any offer to provide a single assurance or safeguard to protect Plaintiff – is entirely unreasonable and a clear affront to the carefully crafted schedule set forth in the Order to Show Cause.

Hon. Lewis A. Kaplan
October 11, 2007
Page 2

Defendant's request for an extension is, in addition, misleading in that Defendant's counsel claims to not have received the executed Order to Show Cause until October 10. This claim is entirely untrue.

Plaintiff's counsel emailed Defendant personally copies of the Verified Complaint and papers in support of the Order to Show Cause on the day they were filed, October 2, 2007. *See* Declaration of James E. Cecchi, dated October 11, 2007 ("Cecchi Dec."), Exhibit A. DeNiro himself was personally served with the executed Order to Show Cause and supporting papers on October 4. Cecchi Dec. Ex. C; Docket Entry 3.

Most striking, plaintiff's counsel emailed to Defendant's counsel "filed" copies of the Verified Complaint, *executed* Order to Show Cause and supporting papers on October 4, 2007, and the paralegel in counsel's office, Anias Veiga, acknowledged receipt of the papers. Cecchi Dec. Exs. D and E. Thus, Defendant's counsel was in possession of these papers six days prior to what is stated in Defendant's motion.

If counsel did not review the papers and discuss them with his client before October 10, that is his responsibility and Plaintiff should not bear the burden of his dilatory behavior. Counsel's lack of diligence in reading the Order to Show Cause papers is not "the most compelling circumstances" required by the Court's Individual Practices for adjourning a hearing within a week of its scheduled date. Further, if taken at face value, Defendant's counsel knew about the conflicting court appearance in Florida long before October 10. At the very least his paralegal should have advised counsel of the date and time of the Order to Show Cause before Your Honor upon receipt of our papers on October 4 so he could make an application for an extension within the time provided in the Court's Individual Practices. Similarly, Defendant could have easily contacted this office long before the evening of October 10 to seek an appropriate extension – accompanied by an appropriate Consent Order protecting Plaintiff. Defendant did not do so, despite our urging. Cecchi Dec., Exhibits F-G. Instead, Defendant and his counsel waited until the eve of the date upon which Your Honor ordered opposition papers to be submitted and then refused to provide Plaintiff with a single concession or procedural safeguard that would mitigate the risk to the business and Plaintiff prior to the hearing. Cecchi Dec., ¶¶ 15-16.

In summary, Defendant wanted an extension of time, but was unwilling to give any protection to the Plaintiff in a time-of-the-essence situation. We simply could not agree to extend a courtesy to Defendant which would prejudice the Plaintiff's rights. Further, the fact that it is supposedly "too cumbersome" to pay Plaintiff monies that are indisputably due to him raises serious concerns as to what has been happening with JCD's finances since Plaintiff has been locked out of the business.

We appreciate that the Court may generally be indulgent in granting an extension of time, however, under these circumstances, every hour that Plaintiff continues to be locked out of the

Hon. Lewis A. Kaplan
October 11, 2007
Page 3

business is prejudicial to his rights. Defendant's request for an extension of time is a request for the Court to sanction additional irreparable harm to the Plaintiff. As a result, we respectfully request that the Defendant's request for an extension of time be denied.

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

JAMES E. CECCHI

cc:    Robert S. Franklin, Esq. (via ECF and email)