JAMES E. CECCHI
LINDSEY H. TAYLOR
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN, PC
5 Becker Farm Road
Roseland, New Jersey 07068-1739
(973) 994-1700
*Attorneys for Plaintiff Christopher Mathieson*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MATHIESON,<br><br>Plaintiff,<br><br>-against-<br><br>JOHN. C. DENIRO,<br><br>Defendant. | Docket No. 07 CIV 8527 (LAK)<br><br>**DECLARATION OF<br>JAMES E. CECCHI** |

JAMES E. CECCHI, of full age, declares under penalty of perjury as follows:

1. I am an attorney-at-law and a member of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, attorneys for plaintiff Christopher Mathieson ("Mathieson"), in the above-captioned matter.

2. I submit this Declaration in opposition to defendant John C. DeNiro's ("DeNiro") request for an extension of time to respond to the Order to Show Cause entered by this Court on October 2, 2007. All of the information contained herein is based upon personal knowledge.

3. On October 2, 2007, Mathieson filed a Verified Complaint and Jury Trial Demand with the Court and applied for an Order to Show Cause seeking a preliminary injunction against DeNiro resulting from his wrongful expulsion of Mathieson as a member of JC DeNiro & Associates, LLC ("JCD"), a real estate brokerage firm in which both Mathieson and DeNiro are members. *See* ECF Docket #1, 2.

4. The Court executed the Order to Show Cause on October 2, 2007. It required that DeNiro file opposition papers by October 12, 2007, and set October 17, 2007, as the hearing date. Attached hereto as Exhibit A is a true and correct copy of the executed Order to Show Cause; *see also* ECF Docket #2.

5. On October 2, 2007, my firm sent copies of the papers filed with the Court via e-mail to DeNiro and his other attorney, Jose L. Lorenzo. Attached hereto as Exhibit B is a copy of the October 2, 2007 e-mail from Lindsey H. Taylor to DeNiro and Mr. Lorenzo.

6. On October 4, 2007, the Complaint, the *executed* Order to Show Cause, and the accompanying papers were personally served on DeNiro. Attached hereto as Exhibit C is a true and correct copy of the Summons, which was returned executed and filed with the Court on October 10, 2007; *see also* ECF Docket #3.

7. On October 4, 2007, my firm sent copies of the Complaint, the *executed* Order to Show Cause, and the accompanying papers via e-mail to Anais Veiga, legal assistant to Robert Franklin, DeNiro's counsel. Attached hereto as Exhibit D is a copy of the October 4, 2007 e-mail with the attachments from Frank J. Chesky III, an associate with my firm, to Ms. Veiga.

8. In an e-mail dated October 4, 2007, Ms. Veiga confirmed receipt of these papers. Attached hereto as Exhibit E is a copy of the October 4, 2007 e-mail from Ms. Veiga to Mr. Chesky.

9. That same day, both Mr. Chesky and I called Mr. Franklin several times to discuss this matter but we did not hear back from him.

10. On October 5, 2007, Mr. Chesky sent a letter to Mr. Franklin seeking to discuss this matter. Attached hereto as Exhibit F is a copy of the October 5, 2007 letter from Mr. Chesky to Mr. Franklin.

11.     Later that evening, Mr. Franklin responded by e-mail stating that he was out of the office and would not return until Wednesday morning and that he would call us then. Attached hereto as Exhibit G is a copy of the October 5, 2007 e-mail from Mr. Franklin to Mr. Chesky.

12.     On October 6, 2007, I responded to Mr. Franklin's e-mail reiterating that time was of the essence and that I was waiting to hear from him. Attached hereto as Exhibit H is a copy of my October 6, 2007 e-mail to Mr. Franklin.

13.     On October 10, 2007, at approximately 5 p.m., I received a telephone call from Mr. Franklin.

14.     During our discussion, Mr. Franklin told me that he did not receive our papers until October 10, 2007, and stated that our papers did not include the executed Order to Show Cause. This is not true as reflected in Exhibit D, among other items. Mr. Franklin then requested our consent to an extension in which to respond to the Order to Show Cause.

15.     I responded that I would discuss DeNiro's request with Mr. Mathieson and suggested that, in return, DeNiro agree to certain "safeguards" to protect the *status quo* of JCD.

16.     Mr. Franklin characterized my request as "too cumbersome."

17.     On October 11, 2007, Mr. Chesky sent an e-mail to Mr. Franklin advising him that we would not consent to his request for an extension. Attached hereto as Exhibit I is a copy of the October 11, 2007 e-mail from Mr. Chesky to Mr. Franklin.

I hereby declare under penalty of perjury that the foregoing statements are true and correct.

_____
JAMES E. CECCHI

Dated: October 11, 2007
#329546v1

3

# Exhibit A

KAPLAN, J.

JAMES E. CECCHI
LINDSEY H. TAYLOR
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN, PC
5 Becker Farm Road
Roseland, New Jersey 07068-1739
(973) 994-1700
*Attorneys for Plaintiff Christopher Mathieson*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MATHIESON,<br><br>　　　　Plaintiff,<br><br>-against-<br><br>JC DENIRO & ASSOCIATES, L.L.C.; and JOHN. C. DENIRO,<br><br>　　　　Defendants. | Docket No. 07cv8527(LAK)<br><br>**ORDER TO SHOW CAUSE** |

THIS MATTER having been opened before the Court by Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein (by James E. Cecchi, Esq.), attorneys for plaintiff Christopher Mathieson (hereinafter "Plaintiff"), for an Order to Show Cause as to why a preliminary injunction should not be granted in this matter against defendant John C. DeNiro (hereinafter "Defendant"); and the Court having considered the Complaint, the Declaration of Christopher Mathieson, and the Brief submitted in support of Plaintiff's application, and for good cause shown;

IT IS on this 2d day of October, 2007,

ORDERED that Defendant show cause before the undersigned, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, on the

17th day of October, 2007 at 4:30 p.m. or as soon thereafter as counsel may be heard as to why a preliminary injunction should not issue:

a. enjoining and restraining Defendant, and his agents, representatives, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendant, from unilaterally transferring, withdrawing, using, taking, hypothecating, or dissipating the monies held in the accounts of JC DeNiro & Associates, L.L.C. (hereinafter "JCD"), pending further Order of the Court;

b. restoring Plaintiff as a signatory on the bank account of JCD and requiring that all disbursements and/or withdrawals from said bank account require the signatures of both Plaintiff and Defendant, pending further Order of the Court;

c. restoring Plaintiff as managing member of JCD pending final resolution of this matter;

d. compelling Defendant to permit Plaintiff or his designated agent(s) or representative(s) immediate and complete access to all of the books and records of JCD so that Plaintiff can perform a complete inspection, review and audit of such records;

e. compelling Defendant to cooperate fully with Plaintiff or his designated agent(s) or representative(s) so that the review and audit of JCD's books and records can be completed in a reasonable period of time not to exceed thirty (30) days;

f. compelling Defendant to answer all reasonable inquiries made to him by Plaintiffs or his designated agent(s) or representative(s), as to the current financial status of JCD and Plaintiffs' membership interest in JCD.

g.  enjoining and restraining Defendant, and his agents, representatives, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendant, from selling or otherwise disposing of the assets of JCD; and

h.  granting such further relief as the Court may consider appropriate and just; and

IT IS FURTHER ORDERED that a true copy of this Order, the Declaration of Christopher Mathieson; and Plaintiff's Brief shall be served by Plaintiff's attorney or designated agent upon Defendant personally or ~~to~~ a person of suitable age and discretion at Defendant's residence on or before October 5, 2007 at 4 p.m. ~~within ___ days from the date hereof, which service shall be effected by personal service or overnight delivery on Defendant at 824 East Atlantic Avenue, Suite 7, Delray Beach, Florida 33483; and shall be deemed due and proper service in accordance with the Federal Rules of Civil Procedure; and~~

IT IS FURTHER ORDERED that Defendant's opposition papers shall be filed and served by October 12, 2007 at 4 pm ~~upon Plaintiff's counsel so as to be received on or before 5 p.m. on _____, 2007~~; and

IT IS FURTHER ORDERED that Plaintiff's reply papers shall be filed and served ~~upon Defendant so as to be received~~ at or before 4 p.m. on October 15, 2007.

_____, U.S.D.J.

10/2/07

#328574v1

3

# Exhibit B

**Lindsey H. Taylor**

| | |
|---|---|
| **From:** | Lindsey H. Taylor |
| **Sent:** | Tuesday, October 02, 2007 2:10 PM |
| **To:** | 'jackdeniro@bellsouth.net'; 'jack@jcdeniro.com'; 'jlorenzolaw@cs.com' |
| **Subject:** | Mathieson v. DeNiro |
| **Attachments:** | brief re order to show cause.pdf; civil cover sheet.pdf; complaint.pdf; cover letter to clerk re filing complaint.pdf; dec of christopher mathieson.pdf; proposed order to show cause.pdf; summons.pdf |

We are filing the attached with the Court this afternoon.

Lindsey H. Taylor, Esq.
Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein
5 Becker Farm Road
Roseland, New Jersey 07068
Main phone (973) 994-1700
Direct phone (973) 422-5553
Fax (973) 994-1744

# Exhibit C

AO440 (Rev. 8/01) Summons in a Civil Action

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER MATHIESON,    SUMMONS IN A CIVIL ACTION

   Plaintiff,

vs.

JOHN C. DENIRO,

   Defendant.

CASE NUMBER:

**07 CIV 8527**

JUDGE KAPLAN

TO: Mr. John C. DeNiro
    824 East Atlantic Ave., Ste. 7
    Delray Beach, FL 33483

   **YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

   James E. Cecchi, Esq.
   Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein
   5 Becker Farm Road
   Roseland, NJ 07068

an answer to the complaint which is herewith served on you within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                OCT 0 2 2007
CLERK,                                            DATE

         *[signature: Marcos Quintero]*

BY:_____
   DEPUTY CLERK

AO 440 (Rev. 5/85) Summons in a Civil Action

# RETURN OF SERVICE

| | | | |
|---|---|---|---|
| Service of Process on: | JOHN C. DENIRO | DATE | October 4, 2007 |
| Name of Server: | William J. Kelly, Jr. | TITLE | Investigator |
| Place of Service: | Tribecca Grand Hotel, Room 729, 2 Avenue of the Americas, New York, NY | | |

Documents served: Summons in a Civil Action   Verified Complaint and Jury Trial Demand
Order to Show Cause   Declaration of Christopher Mathieson
Brief in Support of Christopher Mathieson's Application for an
Order to Show Cause for a Preliminary Injunction

Method of Service:

■ Served personally upon the defendant

[ ] Left copies at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

[ ] Unable to effect service.

Description of Person Receiving Documents:

[ ] Sex M ; Hair Color grey ; Age (prox.) 80 ; Height (prox.) 5'10" ;
[ ] Weight (prox.) 190 ; Skin Color White ; Facial Hair n/a .

■ To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| $ 46.30 | $ 60.00 | $ 106.30 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  October 8, 2007
              *Date*

*Signature of Server*

PO Box 44, Morris Plains, NJ 07950-0044
*Address of Server*