UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER MATHIESON,                   DOCKET NO.
                                                                                                   1:07-cv-08527-LAK

            Plaintiff/ Respondent on Counterclaim

       -against-

JOHN C. DENIRO,

            Defendant/
            Counterclaimant

_____/

**DEFENDANT/COUNTERCLAIMANT, JOHN C. DENIRO, FIRST REQUEST FOR PRODUCTION TO PLAINTIFF/ RESPONDENT ON COUNTERCLAIM, CHRISTOPHER MATHIESON**

     Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant/ Counterclaimant, JOHN C. DENIRO, by and through undersigned counsel, serves Plaintiff/ Respondent on Counterclaim, CHRISTOPHER MATHIESON, with this First Request for Production as follows:

**DEFINITIONS**

     A.     The words "you," "yours' and/or "yourself" shall mean Christopher Mathieson and any employee, representative, property manager or agent including, but not limited to, any attorney, accountant, and any person or entity that was, or purported to be, acting on his behalf.

     B.     The term "Defendant" shall mean and refer to JOHN C. DENIRO.

     C.     The term "The Company" shall mean and refer to J.C. DeNiro & Associates, LLC.

     D.     The term "Complaint" shall mean and refer to the operative pleading in effect in this lawsuit filed by Plaintiff/ Respondent on Counterclaim.

     E.     The term "Document" is defined as the original and any non-incidental copy (different from the original because of notations on such copy or otherwise) of any written or graphic matter or any other means of preserving thought or expression, and all tangible things

from which information or thoughts can be processed or transcribed, including all files including all file jackets and all copies containing any addition matter, however, produced or reproduced, of any kind and description, in your actual or constructive possession, care, custody, or control, which pertain directly or indirectly, in whole or in part, to any of the subjects listed below, any matter relevant to this action, or which is itself listed below as a specific document, including, but not limited to correspondence, memoranda, notes, electronic mail, messages, letters, telegrams, teletyped messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer memory, word processing data, computer printouts, schedules, account records, patents, licenses, minutes of directors' meetings, minutes of shareholders' or other meetings, work assignments, transaction files, statistical records, security agreements, testing reports, newspaper or magazine articles, stories or clippings, affidavits, contracts, transcripts, surveys, graphic representations of any kind, photographs, graphs, microfilm, video tapes, tape recordings, DVD recordings, compact discs, motion pictures or other films no matter how the document is stored, maintained or organized.

      F.      The term "person" means any natural person, alive or deceased; any entity other than a natural person, including without limitation, any corporation, organization, partnership, joint venture, sole proprietorship, foundation, trust or other business entity or association; or any government or governmental body, commission, department, committee, board or agency.

      G.      The words "pertain to" and "pertaining to" means refers to, contains, embodies, mentions, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

      H.      The terms "refer to" or "relate to" means embodying, reflecting, identifying, constituting, defining, describing disclosing, containing, concerning, comprising, explaining, summarizing mentioning, reflecting, discussing, stating, showing, dealing with, supporting, contradicting, setting forth, or in any way pertaining to.

      I.      The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

## **INSTRUCTIONS**

1.    The Request for Production is continuing and any documents learned about by you subsequent to your response which would have been included in your response had it been available or its existence known at the time of your response is to be produced forthwith.

2.    If you withhold identification of a document on the grounds of privilege or otherwise, state the following for each document withheld in a privilege log to be served and filed with the court in accordance with the dispositive rules of civil procedure:

    (i)    The type of document (i.e., correspondence, memorandum, telex, etc.);

    (ii)    the date of the document;

    (iii)    the person who signed the document;

    (iv)    the person who received the document or copy thereof;

    (v)    the reason for non-production; and

    (vi)    the subject matter of the document.

3.    If any document requested was previously in your possession, custody, or control but is no longer, state the following for each document in your response to this Request for Production:

    (i)    the type of document (i.e., correspondence, memorandum, telex, etc.);

    (ii)    the date of the document;

    (iii)    any person(s) who signed the document;

    (iv)    any person(s) who received the document of a copy thereof;

    (vi)    identify any person who presently is in possession of the document;

    (vii)    specify the substance of the document; and

    (viii)    identify the disposition of the document, including the date thereof.

**DOCUMENT REQUEST**

1.      All correspondence, memoranda, letters, reports, e-mails, from you to DENIRO from January, 2002 to the present.

2.      All correspondence, memoranda, letters, reports, e-mails, from DENIRO to you from January, 2002 to the present.

3.      All documents which refer to or reflect you directly or indirectly acting as an owner broker, manager or provide any supervisory, managerial or recruiting services to any other persons, firms or corporations rendering real estate brokerage business, within the boroughs of Manhattan, Staten Island, Brooklyn, Bronx and Queens, State of New York, or within a 10 mile radius of any other geographical area where the Company, presently, or at a future date is actively contemplating a future business (the "Restricted Territory"), from October, 2002 to the present.

4.      Any documents which refer to or reflect your soliciting, hiring or employing (a) any employee or independent contractor of the Company who has their real estate license with the Company; (b) any person who was an employee or independent contractor and who was engaged as a sales agent of Company for a period of twelve (12) months after such person terminates his/her employment or independent contractor relationship with the Company, from September 18, 2006 to the present.

5.      All correspondence, letters, memoranda, e-mails, from you to Stephen McArdle.

6.      All correspondence, letters, memoranda, e-mails, to you from Stephen McArdle.

7.      All documents which refer to or reflect your claim that DENIRO agreed, that The Company would pay you 100% of the commissions on properties you "sold for" J.C. DENIRO & ASSOCIATES, LLC, as stated in paragraph 13 of your Declaration of October 2, 2007.

8.      All records which refer to or reflect commissions you claim to be due to you from The Company.

9.      All records which reflect commission, salary, wages or compensation paid to you by The Company from 2002 to the present, including but not limited to your Federal Tax Returns for 2002, 2003, 2004, 2005, and 2006.

10.      All records which reflect expense reimbursement paid to you by The Company from 2002 to the present.

11.      Any and all documents which refer to, reflect or support your statement in paragraph 19 of your Declaration of October 2, 2007, with regard to each and every "deferred

substantial earned commissions".

      12.     Any and all documents upon which you rely for your statement in paragraph 20 of your Declaration of October 2, 2007, that during the past five years Mr. DeNiro visited New York City for a total of 30 days.

      13.     Any and all documents that refer to or reflect the allegations or statements in paragraph 26 of your Declaration of October 2, 2007.

      14.     Any and all documents that refer to or reflect the allegations or statements in paragraph 27 of your Declaration of October 2, 2007.

      15.     All documents which refer to, reflect or support the allegations or statements in paragraph 33 of your Declaration of October 2, 2007.

      16.     All documents which refer to, reflect or support the allegations or statements in paragraph 34 of your Declaration of October 2, 2007.

      17.     All documents which refer to, reflect or support the allegations or statements in paragraph 36 of your Declaration of October 2, 2007.

      18.     All documents which refer to, reflect or support the "understanding" as described in paragraph 41 of your Declaration of October 2, 2007.

      19.     All documents which refer to or reflect the accounts referred to in paragraph 45 of your Declaration of October 2, 2007.

      20.     All documents which refer to, reflect or support the allegations or statements in paragraph 49 of your Declaration of October 2, 2007.

      21.     All documents which refer to, reflect or support your "understanding" as described in paragraph 51 of your Declaration of October 2, 2007.

      22.     Copies of all documents removed by you from any of J.C. Deniro & Associates, LLC's offices from October, 2002, to the present.

      23.     All photographs in your possession, custody or control, depicting any part of any J.C. DeNiro & Associates, LLC offices.

      24.     Copies of any complaints for discrimination filed against you from October, 2002, to the present.

      25.     Electronic copy of any and all documents responsive to Requests number 1

through 24 above.

26. All documents identified in response to the interrogatories served contemporaneously with those requests.

27. All documents of all of your personal bank accounts from 2002 through the present, including but not limited to deposit slips and monthly bank statements.

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Robert S. Franklin*
Robert S. Franklin, Esq.
RF-0870
ROBERT S. FRANKLIN, P.A.
823 North Olive Avenue
West Palm Beach, FL 33401
(561) 805-7140
(561) 805-7141 fax

### SERVICE LIST

CHRISTOPHER MATHIESON V. JOHN C. DENIRO
DOCKET NO. 1:07-cv-08527-LAK
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

James Cecchi, Esq.
Counsel for Plaintiff
Carella, Byrne, Bain, Gilfillan,
Cecchi, Stewart & Olstein, PC
5 Becker Farm Road
Roseland, New Jersey  07068-1739