JAMES E. CECCHI
LINDSEY H. TAYLOR
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN, PC
5 Becker Farm Road
Roseland, New Jersey 07068-1739
(973) 994-1700
*Attorneys for Plaintiff Christopher Mathieson*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER MATHIESON,<br><br>                    Plaintiff,<br><br>            -against-<br><br>JOHN. C. DENIRO,<br><br>                    Defendant. | Docket No. 1:07-CV-08527-LAK<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM** |

Plaintiff Christopher Mathieson ("Mathieson" or "Plaintiff"), by way of Answer to the Counterclaim of Defendant John C. DeNiro ("DeNiro" or "Defendant"), alleges as follows:

**ALLEGATIONS AS TO ALL COUNTS**

1.   Admitted.

2.   Denied.

3.   Admitted.

4.   Plaintiff admits that in or about October 2002 the parties executed a written Operating Agreement for J.C. DeNiro & Associates, L.L.C. ("J.C. DeNiro"). The terms of the Operating Agreement speak for themselves and reference is made thereto in response to the allegations contained in paragraph 4. To the extent that the terms of the Operating Agreement differ from the allegations contained in paragraph 4, those allegations are denied.

5.   Denied.

6. Plaintiff admits the allegations of paragraph 6 and further avers that at all times DeNiro was kept fully informed as to the status and financial condition of J.C. DeNiro.

7. Denied.

8. Denied.

9. Denied.

10. Plaintiff denies the allegations of paragraph 10 to the extent that they refer to the written Operating Agreement, the terms of which speak for themselves.

11. Denied.

12. Plaintiff denies the allegations of paragraph 12 to the extent that they refer to the written Operating Agreement, the terms of which speak for themselves.

13. Plaintiff denies the allegations of paragraph 13 to the extent that they refer to the written Operating Agreement, the terms of which speak for themselves.

14. Plaintiff denies the allegations of paragraph 14 and to the extent that the allegations refer to the written Operating Agreement, the terms of that agreement speak for themselves.

15. Plaintiff denies the allegations of paragraph 15 to the extent that they refer to the written Operating Agreement, the terms of which speak for themselves.

16. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16. As such, they are denied.

## COUNT ONE
### (Breach of Contract)

17. Plaintiff repeats, reiterates, and realleges his responses to each and every allegation contained in all of the foregoing paragraphs as if fully set forth at length herein.

18. Plaintiff denies the allegations of paragraph 18 to the extent that they refer to the written Operating Agreement, the terms of which speak for themselves.

19. Denied.

20. Denied.

WHEREFORE, Plaintiff demands judgment dismissing Count One of Defendant's Counterclaim and awarding him attorney's fees, costs of suit and such other relief as the Court deems equitable and just.

## COUNT TWO
### (Breach of Fiduciary Duty)

21. Plaintiff repeats, reiterates, and realleges his responses to each and every allegation contained in all of the foregoing paragraphs as if fully set forth at length herein.

22. Plaintiff denies the allegations of paragraph 22 to the extent that they refer to the written Operating Agreement, the terms of which speak for themselves.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

WHEREFORE, Plaintiff demands judgment dismissing Count Two of Defendant's Counterclaim and awarding him attorney's fees, costs of suit and such other relief as the Court deems equitable and just.

## COUNT THREE
### (Conversion)

27. Plaintiff repeats, reiterates, and realleges his responses to each and every allegation contained in all of the foregoing paragraphs as if fully set forth at length herein.

28. Denied.

WHEREFORE, Plaintiff demands judgment dismissing Count Two of Defendant's Counterclaim and awarding him attorney's fees, costs of suit and such other relief as the Court deems equitable and just.

## COUNT FOUR
### (Injunction)

29. Plaintiff repeats, reiterates, and realleges his responses to each and every allegation contained in all of the foregoing paragraphs as if fully set forth at length herein.

30. Admitted.

31. Admitted.

32. Denied.

33. Denied.

WHEREFORE, Plaintiff demands judgment dismissing Count Four of Defendant's Counterclaim and awarding him attorney's fees, costs of suit and such other relief as the Court deems equitable and just.

## FIRST AFFIRMATIVE DEFENSE

Defendant fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant's claims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Defendant waived any purported right to expel Plaintiff based upon the purported facts set forth in his Counterclaims.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are barred by the doctrines of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that any of the purported facts set forth in Defendant's Counterclaims are the responsibility of Plaintiff, they are equally the responsibility of Defendant and, as such, his claims are barred by his own contributory and/or comparative negligence.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's claims are barred by his own misconduct and breach of fiduciary duty as set forth in Plaintiff's Verified Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

All of the allegedly wrongful actions by Plaintiff were taken with the knowledge and consent of Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's claims are barred by N.Y. Limited Liability Law § 409 in that with respect to Plaintiff's actions alleged to be wrongful, Plaintiff acted in good faith and with the degree of care that an ordinarily prudent person would exercise in a like position under similar circumstances, and relied upon information, including financial data, provided by employees and professionals employed by the company within the scope of their employment and/or professional competence.

## NINTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part, by the doctrines of set-off and/or recoupment for the reasons set forth by Plaintiff in his complaint against Defendant.

## TENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred by the failure of consideration with respect to his alleged rights under the written Operating Agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred, by the doctrine of laches.

        CARELLA, BYRNE, BAIN, GILFILLAN,
        CECCHI, STEWART & OLSTEIN, PC
        *Attorneys for Plaintiff Christopher Mathieson*

By: /s/ Lindsey H. Taylor
      LINDSEY H. TAYLOR

Dated: November 19, 2007

### JURY TRIAL DEMAND

Plaintiff Christopher Mathieson hereby demands a trial by jury as to all issues so triable.

        CARELLA, BYRNE, BAIN, GILFILLAN,
        CECCHI, STEWART & OLSTEIN, PC
        *Attorneys for Plaintiff Christopher Mathieson*

By: /s/ Lindsey H. Taylor
      LINDSEY H. TAYLOR

Dated: November 19, 2007

#331490v1